UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10286-GAO

ILLINOIS UNION INS. CO.,
Plaintiff,

v.

MAVROS CO., INC.,
Defendant and Third-Party Plaintiff,

v.

RICHARD P. BERTOLINO JR. INS. AGENCY, INC. and
ARBELLA PROTECTIVE INS. CO.,
Third-Party Defendants.

ORDER
March 29, 2013

O'TOOLE, D.J.

The plaintiff, Illinois Union Insurance Company, as subrogee of Winn Managed Properties LLC and Lantern Road LLC, has brought suit for negligence, breach of contract, and breach of warranty against the defendant Mavros Company, Inc., in connection with an apartment repair project. Mavros as the third-party plaintiff seeks indemnification from the third-party defendants, Richard P. Bertolino Jr. Insurance Agency, Inc., and Arbella Protective Insurance Company. Arbella has cross-claimed against Bertolino. Arbella now moves for summary judgment on Mavros' claims against it.

**I.   Background**

In April 2004, Mavros, through its insurance agent Bertolino, submitted an application to Arbella for Artisan Contractors' Insurance. The application indicated, among other things, that Mavros' primary operations were interior house painting, that it conducted no other operations

but painting, that 95% of its operations were residential and 5% commercial, that it was not a general contractor, and that subcontracted work was 25% or less of total annual receipts. Arbella approved the application and issued a commercial general liability policy, which was renewed annually until the 2008-2009 period. Prior to renewal each year, Arbella sent Bertolino a renewal declarations notice which did not require any affirmative action by the insured except payment of the premium.

In May 2008, Mavros obtained a contract to perform exterior repairs, roofing, and interior painting for the Northgate Apartments. In June 2008, while Mavros was performing this work, the building allegedly sustained extensive water damage. Arbella denied coverage. The plaintiff, Illinois Union Insurance Company, brought the underlying suit to recoup $181,908.73 from Mavros, who seeks indemnification from its insurer, Arbella. Arbella moves for summary judgment, contending that the insurance policy is void as a matter of law under Massachusetts General Laws ch. 175, § 186, which provides,

> [n]o oral or written misrepresentation . . . made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless . . . the matter misrepresented . . . increased the risk of loss.

Arbella alleges that several statements made in the original application, including the ones mentioned above, were false, and had they been answered correctly, Arbella would have either issued a policy with a higher premium or not issued a policy at all. Mavros and Bertolino both contend that no material misrepresentations were made in the application, and even if such were the case, Arbella is estopped from denying coverage because its coverage of a claim against Mavros which resulted from a faulty toilet installation in 2005 led Mavros to believe that its policy covered non-painting operations. Arbella also claims that the policy is void because Mavros failed to inform Arbella of its changes in operations.

**II.    Discussion**

    A.    Material Misrepresentations

Arbella claims that Argyrios Mavros ("Mr. Mavros"), sole principal of Mavros, unequivocally admitted in his answers to interrogatories and at his deposition that the original insurance application contained misrepresentations. In response to the interrogatories prompting a list of "all types and categories of work performed" each year from 2000 to 2007, Mr. Mavros responded, "painting and contracting." (Aff. of Michael B. Weinberg at 100-02 (dkt. no. 37-1).) Further, when asked to review the original application at his deposition, Mr. Mavros stated, "Looks to me like it's incorrect on everything, even the dates." (Id. at 75.)

In its opposition, Mavros explains that Mr. Mavros was confused at his deposition about the relevant time frames. For instance, he testified that he changed his company's name from Mavros Painting Co, Inc. to Mavros Company, Inc. at the beginning of 2004, when in fact, it is undisputed that the change did not occur until after the insurance application had been submitted in April 2004. In reviewing the deposition transcript, it is clear that Mr. Mavros answered the questions relating to the application under the mistaken assumption that the company's name change, as well as an expansion of operations to include construction, had already occurred. Therefore, the "sham affidavit rule" is not implicated here, and Mr. Mavros' affidavit, asserting the truth of the application and clarifying portions of his deposition testimony, is not inappropriately contradictory to his prior statements. See OneBeacon Am. Ins. Co. v. Commercial Union Assurance Co. of Canada, 804 F. Supp. 2d 77, 84 (D. Mass. 2011), aff'd, 684 F.3d 237 (1st Cir. 2012) ("[I]f an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is

clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed.") (quotations omitted). There is a genuine dispute about whether any of the information provided in the application was false when made.

It is undisputed, however, that characterizing "all operations" as "painting – only" as of April 2004 is inaccurate. However, such a misrepresentation would need to be material to warrant voiding the policy under Massachusetts General Laws ch. 175, § 186. This is another genuine issue of material fact; Arbella's underwriter states that for an "individual" "painter" with a "painting-interior" classification description, "it is anticipated that there may be some work performed incidental to that of a[n] interior painter other than painting," including "minor carpentry, plumbing or possibly occasional roofing." (Aff. of Carl Cerullo at 2 (dkt. no. 35).) On the other hand, residential or commercial contracting work that is not incidental to painting "would have entailed a higher premium to cover the increased risk exposure." (Id. at 3.) Depending on what types of work Mavros performed as of April 2004, the failure to disclose such work may or may not have increased the risk of loss. Because a reasonable jury could find that any misrepresentations made were not material, summary judgment is inappropriate on this basis.

    B.    Failure to Inform

Arbella argues that Mavros and Bertolino had a continuing obligation to inform it of any significant changes, such as Mavros' expansion of operations to include construction work. Mavros and Bertolino argue that under Massachusetts law, the insurer bears the burden of inquiring the insured about material changes. In Quincy Mut. Fire Ins. Co. v. Quisset Props., Inc., 866 N.E.2d 966, 968 (Mass. App. Ct. 2007), the court determined that "unless a provision in the insurance policy or a renewal application requires the insured to notify the insurer of

particular changes, the insured is under no duty to identify changes that are material and notify the insurer of such changes. Absent such a duty, the insured's silence, even if it increases a risk of loss to the insurer, is not a 'misrepresentation' within the meaning of G.L. c. 175, § 186."

In this case, Arbella sent to Bertolino annual renewal declarations notices, along with a copy of the Commercial General Liability Coverage Form, which included the following:

> **6.    Representations**
> By accepting this policy, you agree:
> a.  The statements in the Declarations are accurate and complete;
> b.  Those statements are based upon representations you made to us; and
> c.  We have issued this policy in reliance upon your representations.

(Aff. of Carl Cerullo at 105 (dkt. no. 35-1).) Arbella contends that this is an obligation set forth by the policy which renders Mavros' and Bertolino's failure to inform a misrepresentation under the statute. However, even if Arbella is correct on this point, any misrepresentation must be material before Arbella may void the policy, and as discussed above, this question must be resolved by the fact-finder.

C.    Estoppel

Mavros and Bertolino contend that even if voiding the policy were appropriate under Massachusetts General Laws ch. 175, § 186, Arbella is estopped from disclaiming coverage because of its prior indemnification in 2007 of a claim arising from damage caused by Mavros on the Morettis' property in 2005. Mavros, citing Jet Line Servs., Inc. v. Am. Empl'rs Ins. Co., 537 N.E.2d 107 (1989), contends that Arbella cannot now argue that his policy is void due to material misrepresentations pursuant to Massachusetts General Laws ch. 175, § 186, after providing coverage in 2007. Jet Line does not support such a position.

Bertolino, on the other hand, contends that under Jet Line, Arbella is estopped from denying coverage over the claim at issue, which involved roofing work, because it provided

coverage for the Moretti claim, which allegedly also involved "roof work." (Bertolino's Opp'n to Mot. for Summ. J., Ex. 2 at 99 (dkt. no. 43-2).) In <u>Jet Line</u>, the Supreme Judicial Court found that the insurer was estopped from denying coverage for a second tank explosion when it had provided coverage for a similar explosion the previous year and had subsequently raised the premium by 50%. The insured reasonably relied on the insurer's representations that the policy covered incidents of this type. If Bertolino's allegations that the two claims are of a similar type are correct, then Arbella may be estopped from denying coverage on the second claim. However, these facts are substantially disputed in the record. For instance, Mavros alleges that it had never performed roofing work prior to June 2008, at the Northgate Apartments. (Resp. by Mavros Co., Inc. to Statement of Undisputed Material Facts at 12 (dkt. no. 42).) This is an issue that cannot be resolved on a motion for summary judgment.

### III.   Conclusion

For the foregoing reasons, Arbella's Motion for Summary Judgment (dkt. no. 32) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge